```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

| | |
|---|---|
| CATHERINE S. KISER, : | |
| : | |
| Plaintiff, : | NO: 1:14-CV-00528 |
| : | |
| v. : | |
| : | **OPINION AND ORDER** |
| CAPANO & ASSOCIATES, LLC, : | |
| et al., : | |
| : | |
| Defendants. : | |

This matter is before the Court on Defendants' Partial Motion to Dismiss (doc. 9), Plaintiff's Response in Opposition (doc. 11), and Defendants' Reply (doc. 13). The Court discussed the parties' positions on the matter at the October 7, 2014 conference, at which time it orally directed Plaintiff's Counsel to file an Amended Complaint. This Order issues so as to memorialize the Court's decision, granting-in-part Defendants' Motion.

This is an employment case in which Plaintiff alleges Jeffrey Capano, the President of Defendant Capano & Associates, LLC, engaged in improper behavior amounting to sexual harassment and a hostile work environment (doc. 1). Plaintiff alleges five separate causes of action, including a claim for sex discrimination under Title VII and Section 1981(a); a claim for state law sex discrimination; a claim for intentional infliction of emotional distress; defamation-slander per se; and negligent infliction of emotional distress (Id.).

In their motion, Defendants attack Plaintiff's first

claim, against individual Defendant Jeffrey Capano, contending there is no individual or supervisor liability under Title VII (doc. 9). They further attack Plaintiff's defamation claim as inadequately pled for failure to plead that allegedly defamatory statements were false (Id.).

In her briefing, Plaintiff contends that individual defendants can qualify as employers where they satisfy the statutory definition (doc. 11). She further contends that because she alleges Capano maligned her and made statements maliciously, she has adequately pled defamation per se (Id.). Finally, she requests, in the alternative, leave to amend her Complaint (Id.).

Having reviewed this matter, the Court concludes that Mr. Capano does not qualify as "an employer" within the meaning of Title VII. Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997)(Congress did not intend to provide for individual employee/supervisor liability under Title VII). As such Defendants' partial motion as to Capano's individual liability is well-taken. However, even a cursory review of the Complaint reveals that Plaintiff was allegedly subjected to boorish behavior and maligned in an outrageous and patently offensive manner. Under such circumstances and taking into account the liberal standard of Fed. R. Civ. P. 15, the Court finds it appropriate to allow Plaintiff to file an Amended Complaint to address the deficient pleading as to Plaintiff's defamation claim or to abandon such

claim.

The Court notes that Defendants contend Plaintiff brought her motion to amend within her Response, which is technically not the proper procedure (doc. 13, citing Metro. Prop. & Cas. Ins. Co. v. Pest Doctor Sys., Inc., No. 3:14-CV-00143, 2014 U.S. Dist. LEXIS 86647, at *14 (S.D. Ohio, June 23, 2014). However, the Court construes Plaintiff's oral request at the October 8, 2014 conference as adequate within the meaning of Fed. R. Civ. P. 7(b)(1)(A). Moreover the Court finds permitting Plaintiff to file an Amended Complaint consistent with the interests of justice in this matter.

Accordingly, the Court GRANTS IN PART Defendants' Partial Motion to Dismiss (doc. 9) to the extent that it finds individual Defendant Jeffrey Capano outside the scope of Title VII. Defendant Capano & Associates, LLC, however remains as a Defendant in relation to Count One. The Court further construes Plaintiff's oral motion as a valid request for leave to file an Amended Complaint and GRANTS Plaintiff ten days from the date of this Order to file such Complaint.

SO ORDERED.

Dated: October 9, 2014         s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge

3